Jennifer **LOPER** and William **Kaye**, on behalf of themselves and all other persons who are similarly situated, Plaintiffs,

v.

**NEW YORK CITY POLICE DEPARTMENT, and Lee P. Brown, as the Commissioner of Police of the New York City Police Department, Defendants.**

**No. 90 Civ. 7546 (RWS).**

United States District Court, S.D. New York.

April 2, 1991.

George Sommers, New York City, for plaintiffs.

Victor A. Kovner, Corp. Counsel of the City of New York, New York City (Ira J. Lipton, Bruce Rosenbaum, of counsel), for defendants.

SWEET, District Judge.

Plaintiffs Jennifer Loper and William Kaye have moved for an order pursuant to Rule 23(c)(1), Fed.R.Civ.P. for an order determining that this action brought, *inter alia*, under the First, Eighth and Fourteenth Amendments to the Constitution of the United States, is maintainable as a class action. The proposed class is defined as "all needy persons who live in the State of New York, who beg on the public streets or in the public parks of New York City." For the reasons set forth below, the motion is granted.

*The Parties*

Plaintiffs Jennifer Loper ("Loper") and William Kaye ("Kaye") are New York residents. Defendant Lee P. Brown ("Brown") is the Commissioner of Police of the defendant New York City Police Department (the "Police Department") (collectively, the "Police Department").

*Prior Proceedings*

Loper and Kaye filed their complaint in this action and moved for class certification on November 23, 1990. On that same day, they commenced an action in the New York State Supreme Court (the "state court action"). Upon the agreement of the parties, the state court action has been adjourned pending the outcome of the proceedings in this court.

Oral argument on the class certification motion was heard on December 21, 1990.

On February 4, 1991, Loper and Kaye filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. The Police

Department subsequently filed a cross motion for summary judgment. Oral argument on the summary judgment motions was heard on March 8, 1991. The summary judgment motions are still *sub judice.*

*The Facts*

### The Plaintiffs

Loper has been homeless since October of 1990. Since leaving the care of her parents and quitting high school sometime in 1989 until she became homeless, Loper has stayed in a Westchester County halfway house, in a rented apartment in the East Village of New York, and with various friends. She has never stayed in a New York City shelter or a privately run shelter for homeless persons. Loper has applied for public assistance benefits from New York City, but has not yet completed the necessary paperwork. Loper has begged from people on the streets and in the parks of New York City since October of 1990.

Kaye arrived in New York City from his mother's house in Bayport, Long Island in August of 1990. He has been homeless since that time, and living on the streets of the East Village. Before his arrival in New York City, Kaye had experienced an eight month period of homelessness in Long Island, during which time he obtained emergency shelter from various agencies. Kaye has never stayed in a New York City shelter or a privately run shelter for homeless persons and has never applied for public assistance from a New York City agency.

Both Loper and Kaye beg in the East Village section of Manhattan. Their usual practice is to stand in the street or park and say to passersby: "Can you spare some change for something to eat?" or "Spare any change for some food, sir or ma'am?" They occasionally engage in conversation with people from whom they beg. Kaye has testified that the police have stopped him from begging between seven and ten times. Loper has testified that the police have stopped her from begging between five and ten times. Generally, the police officers put a stop to Loper's and Kaye's begging by asking them to move along.

### The Statute

New York State Penal Law (the "Penal Law") § 240.35(1) (McKinney's 1989) provides that:

A person is guilty of loitering when he: Loiters, remains or wanders about in a public place for the purpose of begging.

An affidavit submitted by the Police Department, Jeremy Travis, deputy commissioner for legal matters for the Police Department (the "Travis Affidavit") states that should the court grant Loper and Kaye the injunctive relief they request, the Police Department will, "after all appeals have been exhausted," give the court's decision *stare decisis* effect and apply such decision equally to all persons. Travis Affidavit at ¶ 4.

*Discussion*

### A. *The Necessity of Class Certification*

The Police Department urges that, as a preliminary matter, the court must consider whether class certification in the instant case is necessary. The Second Circuit has held that regardless of whether the plaintiffs meet the requirements of Rule 23, class certification may be nevertheless unnecessary where "the judgment run[s] to the benefit not only of the named plaintiffs, but of all others similarly situated." *Galvan v. Levine,* 490 F.2d 1255, 1261 (2d Cir.1973), *cert. denied,* 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974).

In *Galvan,* the plaintiffs challenged the constitutionality of New York Labor Law § 591 denying unemployment benefits to a person "not ready, willing or able to work in his usual employment or in any other for which he is reasonably fitted by training and experience." The Court of Appeals upheld the district court's denial of plaintiffs' class certification motion where the defendant has "made it clear that it understands the judgment to bind it with respect to all claimants." *Id.* In these circumstances, the court noted, class certification would be "largely a formality." *Id.*

The facts in the instant case are, however, distinguishable from those in *Galvan.*

The Travis Affidavit states that the Police Department will consider itself bound with respect to all members of the class only after "all appeals have been exhausted." Travis Affidavit at ¶ 4. Given the inevitable gap in time between this court's decision on the merits and a final disposition of the matter on appeal, many potential class members could in the absence of class certification be subject to arrest or prosecution. Thus, class certification in this matter is not strictly a "formality."[1]

While *Galvan* is still good law in the Second Circuit, the special factual circumstances surrounding this case merit a departure from the rule of *Galvan*. Evidence from the depositions and affidavits of the parties indicates that Loper and Kaye may become impossible to locate in the future. Without class certification, their case—and its requested relief with respect to all similarly situated persons—could fail on a technicality. Indeed, it is in part for concerns such as these that civil rights actions are "paradigmatic 23(b)(2) class suits." *Marcera v. Chinlund,* 595 F.2d 1231, 1240 (2d Cir.1979).

### B. *The Rule 23(b) Requirements*

In *Young v. New York City Transit Authority,* 729 F.Supp. 341 (S.D.N.Y.), *rev'd on other grounds,* 903 F.2d 146 (2d Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990), the district court certified a class defined as "all needy persons who live in the State of New York, who are or who will be asking or soliciting others for charity for their own benefit in the train, bus or subway stations of New York City or all other places within the jurisdiction of defendants where this is presently prohibited," a class analogous to the one for which certification is sought in the instant motion.

The ruling in *Young* is equally applicable here and the proposed class of "needy persons who live in the State of New York, who beg on the public streets or in the

public parks of New York City" meets the requirements of Rule 23(b), provided Loper and Kaye submit a further definition of the term "needy."

*Conclusion*

For the reasons set forth above, the motion for class certification is granted. Loper and Kaye will submit a proposed definition of "needy."

It is so ordered.

---

1. The Second Circuit, moreover, has modified the holding in *Galvan* in *Hurley v. Ward,* 584 F.2d 609 (2d Cir.1978). Noting that "it is ordinarily assumed that state officials will abide by the court's judgment," the court held that the more relevant criterion for the necessity of class certification was instead the defendant's admission of the identity of issues as to all potential class litigants. *Hurley,* 584 F.2d at 611–612.